MICHAEL R. MCBRIDE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McBride v. Commissioner
Docket No. 11726-91
United States Tax Court
T.C. Memo 1992-44; 1992 Tax Ct. Memo LEXIS 43; 63 T.C.M. (CCH) 1898; T.C.M. (RIA) 92044; January 23, 1992, Filed *43 Julie M.T. Foster, for respondent. WELLS, Judge. WELLS
MEMORANDUM OPINION This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. Respondent seeks a dismissal on the ground that the petition was not filed within the time prescribed by sections 6213(a) and 7502. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. By Order of the Court petitioner was directed to file his objection, if any, to the instant motion, but no objection was filed by petitioner. The instant case is set for trial at the April 27, 1992, Atlanta, Georgia, Trial Session. According to the petitioner in the instant case, petitioner resided in Atlanta, Georgia, when the petition was filed. Respondent contends that his motion should be granted because the petition was filed more than 90 days after the notice of deficiency was mailed. Respondent asserts that on March 5, 1991, he issued a notice of deficiency to petitioner for the taxable year in issue. Attached to respondent's motion was a copy of a completed certified mail list, indicating that the notice of deficiency was sent by certified mail to *44 petitioner on such date. Essential to the right to maintain an action in this Court is a timely filed petition. ; . Generally, section 6213(a) limits the time for filing a petition in this Court to 90 days from the date such notice is mailed. The petition in the instant case was filed on June 10, 1991, (97 days after the mailing of the notice of deficiency) in an envelope bearing a U.S. Postmark date of June 8, 1991 (95 days after the mailing of the notice of deficiency). The 90 day period for filing a timely petition expired on June 3, 1991, which was not a legal holiday in the District of Columbia. Based on the foregoing, we hold that the petition was not timely filed. Accordingly, we have no jurisdiction in the instant case and will therefore grant respondent's motion. To reflect the foregoing, An appropriate order will be entered.